F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

JUL 2 8 2006

DAVID J. MALAND, CLERK

DEPUTY _Adele Mernica_

| | | |
|---|---|---|
| **RONDELL FRANCIS,** | § | **CIVIL ACTION NO.**_____ |
| | § | **JURY DEMANDED** |
| **Plaintiff,** | § | |
| | § | **1 0 6 C V 0 4 4 4** |
| **vs.** | § | |
| | § | **Judge Clark** |
| **E.I. DU PONT DE NEMOURS** | § | |
| **AND COMPANY and INVISTA** | § | |
| **S.A.R.L. d/b/a INVISTA,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT INVISTA S.à r.l.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant INVISTA S.à r. l., incorrectly named as INVISTA S.A.R.L. d/b/a INVISTA ("INVISTA"), by counsel, hereby removes this civil action from the 163rd Judicial District Court for Orange County, Texas to the United States District Court for the Eastern District of Texas from the 163rd Judicial District Court of Orange County, Texas, pursuant to 28 U.S.C. §§ 1441(a) and 1446. The action is styled Rondell Francis v. E.I. du Pont De Nemours and Company and INVISTA S.A.R.L. d/b/a INVISTA, Cause No. 05-0536C ("the State Court Action"). This Court has jurisdiction to adjudicate claims with respect to parties with complete diversity and amounts in controversy in excess of $75,000 pursuant to 28 U.S.C. § 1332. The specific grounds for removal are as follows:

1.     Plaintiff commenced the State Court Action on or about October 24, 2005 by filing an Original Petition in the 163rd Judicial District Court of Orange, Texas.

2.     INVISTA was not named a defendant in this action until Plaintiff filed its First Amended Petition.

3.      Plaintiff's First Amended Petition was served on INVISTA on June 28, 2006 via certified mail, which was received by INVISTA on July 3, 2006.  INVISTA filed its Special Exceptions, Answer and Affirmative Defenses in the State Court Action on July 21, 2006.

4.      This Notice of Removal was timely filed within 30 days after receipt of service of a copy of the initial pleading setting forth the claim for relief upon which such action is based. *See* 28 U.S.C. § 1446(b).

5.      Plaintiff is a citizen and resident of the State of Texas.

6.      Defendant INVISTA is a Private Limited Company organized and existing under the laws of the Grand Duchy of Luxembourg, with its principal place of business in the United States located at 4123 East 37th Street North, Wichita, Kansas 67220.

7.      Defendant E.I. Du Pont de Nemours and Company ("Du Pont") is a foreign corporation organized and existing under the laws of Delaware whose principal place of business is located at 1007 Market Street, Wilmington, Delaware 19898.

8.      Plaintiff claims in the First Amended Petition that Plaintiff was injured as a result of his alleged exposure to toxic chemicals while working on the premises of Defendants INVISTA and Du Pont.  He seeks to recover compensatory damages for, *inter alia*, past and future medical expenses, loss of earning capacity, mental anguish, physical pain, physical impairment, and loss of household services, as well as pre- and post-judgment interest. Plaintiff's Original Petition and First Amended Petition do not in any way limit, by stipulation or otherwise, the damages Plaintiff seeks.  Although a specific damages amount is not stated in Plaintiff's Original Petition or First Amended Petition, it is facially apparent from Plaintiff's Original and First Amended Petition that  the amount in controversy exceeds $75,000.

9.     Moreover, documents obtained in INVISTA's investigation of Plaintiff's claims, including his workers' compensation filings, establish that the amount in controversy in this action exceeds $75,000.00.

10.     This action could have been brought originally in this Court pursuant to 28 U.S.C. § 1332 because it is a civil action between a Texas citizen (Plaintiff) and Defendants (INVISTA and Du Pont) that are organized outside of Texas and have their principal offices in Kansas and Delaware, respectively. Thus, the requirement of complete diversity of parties is satisfied.

11.     There is complete diversity between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

12.     All Defendants have consented to this removal. The Original Consent of Du Pont is attached hereto as Exhibit A.

13.     All of the information and state court papers required by Local Rule 81 are attached hereto, as Exhibit B.

14.     A copy of this Notice of Removal is being filed with the Clerk of the 163rd Judicial District Court of Orange County, Texas, as provided under 28 U.S.C. § 1446. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C. INVISTA is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

WHEREFORE, INVISTA respectfully requests that Cause No. B-050536-C, pending in the 163rd Judicial District Court of Orange County, Texas, be removed to this Court.

Respectfully submitted this 27th day of July, 2006.

INVISTA S.à r. l.

_Foster Reese III / amse_

Foster Reese III (State Bar No. 16715300)
(Lead Attorney)
David T. Owens (State Bar No. 24004849)
**HUNTON & WILLIAMS LLP**
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201-3402
(214) 979-3402 (Telephone)
(214) 880-0011 (Facsimile)

John D. Epps (State Bar No. 00796079)
(Of Counsel)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200 (telephone)
(804) 788-8218 (facsimile)
jepps@hunton.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, a true and correct copy of the above and foregoing

instrument has been served via overnight delivery on the following Plaintiff's counsel:

> Samuel R. Palermo, Esquire
> 2650 Fountain View Suite 322
> Houston, TX 77057

All other known counsel of record are being served with a copy of this pleading by overnight

delivery.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| RONDELL FRANCIS, | § | CIVIL ACTION NO._____ |
| | § | JURY DEMANDED |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| E.I. DU PONT DE NEMOURS | § | |
| AND COMPANY and INVISTA | § | |
| S.A.R.L. d/b/a INVISTA, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY'S
## CONSENT TO REMOVAL

Having been apprised of the basis for Defendant INVISTA S.à r. l.'s removal of this numbered and styled action to the United States District Court for the Eastern District of Texas, Beaumont Division, E.I. du Pont de Nemours and Company, by counsel, hereby consents to the removal of this action based on diversity jurisdiction.

E. I. du PONT de NEMOURS AND COMPANY

By: _M.C. Carrington_ / by permission W.C. Cook

M.C. Carrington (Texas Bar No. 03880800)
Jonathan C. Allen (Texas Bar No. 24001639)
MehaffyWeber, P.C.
2615 Calder Ave.
Post Office Box 16
Beaumont, Texas 77704
(409) 835-5011 (telephone)
(409) 835-5177 (facsimile)



EXHIBIT

A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| RONDELL FRANCIS, | § | CIVIL ACTION NO._____ |
| | § | JURY DEMANDED |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| E.I. DU PONT DE NEMOURS | § | |
| AND COMPANY and INVISTA | § | |
| S.A.R.L. d/b/a INVISTA, | § | |
| | § | |
| Defendants. | § | |

## REQUIRED REMOVAL INFORMATION AND DOCUMENTS

# TABLE OF CONTENTS

A.    LIST OF ALL PARTIES AND CURRENT STATUS OF THE REMOVED CASE

     1.    List of All Parties

     2.    Current Status of Removed Case

B.    DOCUMENTS FROM STATE COURT

C.    LIST OF ATTORNEYS

D.    RECORD OF PARTIES WHO HAVE REQUESTED JURY TRIAL

E.    COURT FROM WHICH CASE IS REMOVED

A.   **LIST OF ALL PARTIES AND CURRENT STATUS OF THE REMOVED CASE**

    1.   List of All Parties

        a.   Rondell Francis
            Plaintiff

        b.   INVISTA S.à r. l.
            Defendant

        c.   E.I. Du Pont de Nemours and Company
            Defendant

    2.   Current Status of Removed Case:  PENDING

## B.    DOCUMENTS FROM STATE COURT

1.    Certified copy of state court docket sheet

2.    Plaintiff's Original Petition

3.    Plaintiff's First Amended Petition (with service of process on INVISTA)

4.    Defendant E.I. Du Pont de Nemours and Company's Original Answer

5.    INVISTA S.à r. l.'s Special Exceptions, Original Answer and Affirmative Defenses to Plaintiff's First Amended Petition

# CIVIL DOCKET

**Case No.** B 050536

| NUMBER OF CASE | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| B 050536 | RONDELL FRANCIS | SAMUEL R PALERMO | DAMAGES/OTHER | 10 | 24 | 05 |
| | VS | Pltf. | | | | |
| Jury Fee, $ | E I DU PONT DE NEMOURS | | | | | |
| Paid | AND COMPANY | Deft. | | | | |

Minute Book

| DATE OF ORDERS | | | ORDERS OF COURT | VOL | PAGE |
|---|---|---|---|---|---|
| Mo. | Day | Year | | | |
| 3 | 17 | 06 | Order Signed. | | |

EXHIBIT
B
tabbies®

CERTIFIED COPY

CIVIL CITATION - CITCVWD

## THE STATE OF TEXAS

**To:    E I DUPONT DE NEMOURS AND COMPANY**
**1007 MARKET STREET**

**WILMINGTON DE 19898**

BY SERVING THE SECRETARY OF THE STATE OF TEXAS, AUSTIN, TEXAS          Defendant, **NOTICE:**

    **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    Said ANSWER may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, or by mailing it to 801 W Division Ave, Orange Texas 77630.

    Said       **PLAINTIFF'S ORIGINAL PETITION**

was filed and docketed in the Honorable 163RD DISTRICT COURT of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on 24th day of October, 2005 in the following styled and numbered cause:

Cause No: 050536-C

## RONDELL FRANCIS VS E I DUPONT DE NEMOURS AND COMPANY

    The name and address of the attorney for petitioner otherwise the address of Petitioner is:
           SAMUEL R PALERMO    2650 FOUNTAIN VIEW  SUITE 322
           HOUSTON TX 77057

    ISSUED AND GIVEN under my hand and seal of said Court at Orange, Texas, this November 4, 2005.

                    **VICKIE EDGERLY, District Clerk**
                    Orange County, Texas

                    By _____

**RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____, M and executed in _____ County, Texas, at _____ o'clock ____ M on the _____ day of _____, 20___, by delivering, in accordance with the requirements of law, to the within named _____
_____ In person, a
true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

    And not executed as to the defendant _____         RECEIVED
the diligence used to execute being _____         SECRETARY OF STATE
the cause of failure to execute is _____         NOV 2 3 2005
the defendant may be found _____                 2:30 PM

TOTAL FEES: _____         BY: _____         CITATIONS UNIT

                           **115108**

CAUSE NO. _B050536. C_

| | | |
|---|---|---|
| RONDELL FRANCIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| E.I. Du PONT de Nemours AND | § | |
| COMPANY | § | _163rd_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rondell Francis, complaining of E.I. Du Pont de Nemours and Company and would respectfully show the Court the following:

I.

Plaintiff is a resident of Jefferson County, Texas.

II.

Venue is proper in this Court because a substantial part of the events given rise to this claim occurred in Orange County, Texas.

Defendant, E.I. Du Pont de Nemours and Company is a foreign corporation organized and existing under the laws of Delaware and whose principal offices are located at 1007 Market Street, Wilmington, Delaware 19898. This Defendant may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as its agent for service because Defendant, who is engaged in business in Texas, is required to appoint and maintain a registered agent for service of process, but the Defendant has not appointed a registered agent for service.

III.

Plaintiff intends to conduct discovery under level 2 of the Texas Rules of Civil Procedure.

PLAINTIFF'S ORIGINAL PETITION/RONDELL FRANCIS                                    PAGE 1

GE 4/8" RCVD AT 12/27/2005 8:02:11 AM [Central Standard Time] * SVR:BEAUFAX/0 * DNIS:999 * CSID:302 773 3050 * DURATION (mm-ss):02-08

IV.

On April 24, 2005, Plaintiff was employed by H.B. Zachary and working on the premises of Defendant located in Orange County, Texas. Plaintiff was injured by exposure to and escaping from toxic chemicals under the control of the Defendant.

V.

Plaintiff would show that on the day in question the Defendant through its agents, servants and/or employees, were negligent and that such negligence was a proximate cause of the incident and the resulting damages to the Plaintiff.

VI.

On the day in question Plaintiff was an invitee on premises which are owned and/or occupied and/or controlled by the Defendant. Plaintiff would show that a condition existed on the premises which posed an unreasonable risk of harm; the Defendant knew or reasonably should have known of the dangers; that the Defendant breached his duty of ordinary care by both: (a) failing to adequately warn the Plaintiff of the condition, and (b) failing to make the condition reasonably safe. Plaintiff would show that such breach of duty and negligence was a proximate cause of the incident and resulting damages to the Plaintiff.

VII.

As a result of the above and foregoing, Plaintiff seeks damages from the Defendant as follows: reasonable and necessary medical expenses in the past and reasonable and necessary medical expenses which will and in probability which are likely to be incurred in the future; loss of earning capacity in the past and in the future; mental anguish in the past and in the future; physical pain in the past and in the future;

PLAINTIFF'S ORIGINAL PETITION/RONDELL FRANCIS                                    PAGE 2

physical impairment in the past and in the future; loss of household services in the past and in the future; and pre-judgment interest and post-judgment interest as allowed by law.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer and that Plaintiff have judgment against the Defendant for the foregoing elements of damages.

Respectfully submitted,

Samuel R. Palermo
Texas Bar Number: 15423600
2650 Fountain View, Suite 322
Houston, Texas 77057
Telephone: (713) 463-9400
Facsimile: (713) 463-9406

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S ORIGINAL PETITION/RONDELL FRANCIS                                PAGE 3

PAGE 6/6 * RCVD AT 12/27/2005 8:02:11 AM [Central Standard Time] * SVR:BEAUFAX/0 * DNIS:999 * CSID:302 773 3050 * DURATION (mm-ss):02-08

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
07/03/2006
Log Number 511286017

| | |
|---|---|
| **TO:** | Carol Rankin, Litigation Legal Assistant<br>Invista S.A.R.L.<br>4123 E. 37th Street North<br>Wichita, KS, 67220 |

**RECEIVED**

**JUL 0 6 2006**

**RE:** **Process Served in Texas**

**INVISTA LEGAL**

**FOR:** INVISTA S.A. R.L. (Domestic State: LU)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Rondell Francis, Pltf. vs. E.I. Du Pont de Nemours and Company and Invista S.A.R.L., etc., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Citation, First Amended Petition |
| **COURT/AGENCY:** | 163rd Judicial District Court Orange County, Tx<br>Case # 20061232391 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On or about 4/24/05 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/03/2006 postmarked on 06/28/2006 |
| **APPEARANCE OR ANSWER DUE:** | 10:00 a.m. on the Monday next after the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Samuel R. Palermo<br>2650 Fountain View<br>Ste. 322<br>Houston, TX, 77057<br>713-463-9400 |
| **REMARKS:** | Forward herewith by CERTIFIED MAIL, process received by the Secretary of State of Texas on 6/26/06. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 791038412491<br>Image SOP - Page(s): 6<br>Email Notification, Kurt Level kurt.level@invista.com<br>Email Notification, Carol Rankin carol.rankin@invista.com<br>Email Notification, Ray Geoffroy ray.geoffroy@invista.com<br>Email Notification, Christopher Graham chris.graham@invista.com<br>Email Notification, Salvador Llach sal.llach@invista.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201<br>214-979-1172 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

June 28, 2006

Invista S A R L
C/O CT Corp System
350 N St Paul Street
Dallas, TX 75201

> **2006-123239-1**
> Include reference number in
> all correspondence

RE:   Rondell Francis VS E I Dupont De Nemours and Company
      163rd Judicial District Court Of Orange County, Texas
      Cause No: 050536C

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on June
26, 2006.

CERTIFIED MAIL #71603901984905716772

Refer correspondence to:

Samuel R. Palermo
Attorney at Law
2650 Fountain View  Suite 322
Houston, TX 77057

Sincerely,

Helen Lupercio

Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/vb
Enclosure

CIVIL CITATION - CCVOPLWD

## THE STATE OF TEXAS

**To:**   **INVISTA S.A.R.L.   C/O C T CORP SYSTEM**
**350 N ST PAUL STREET**

**DALLAS,   TX   75201**

Defendant, **NOTICE:**

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, or by mailing it to 801 W Division Ave, Orange Texas 77630.

Said:   **PLAINTIFF'S FIRST AMENDED PETITION**

was filed and docketed in the Honorable 163RD DISTRICT COURT of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on JUNE 07, 2006 in the following styled and numbered cause:

**CAUSE NO:  050536-C**

**RONDELL FRANCIS VS E I DUPONT DE NEMOURS AND COMPANY**

The name and address of the attorney for Plaintiff otherwise the address of Plaintiff is:
**SAMUEL R PALERMO**
**2650 FOUNTAIN VIEW STE 322 HOUSTON, TEXAS 77057**

**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this June 8, 2006.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas
By _____ Deputy

==================================================================

**RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock _____ .M. and executed in _____ County, Texas, at _____ o'clock _____ .M. on the _____ day of _____, 20____, by delivering, in accordance with the requirements of law, to the within named _____

in person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant _____

the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

TOTAL FEES: _____          BY: _____

**RECEIVED**
**SECRETARY OF STATE**

**JUN 2 6 2006**

**9:30 AM**
**CITATIONS UNIT**

123239

CAUSE NO. B-050536-C

RONDELL FRANCIS

VS.

E.I. Du PONT de Nemours AND
COMPANY and Invista S.A.R.L.
d/b/a Invista

§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT OF

ORANGE COUNTY, TEXAS

163rd JUDICIAL DISTRICT

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rondell Francis, complaining of E.I. Du Pont de Nemours and Company and Invista S.A.R.L. d/b/a Invista and would respectfully show the Court the following:

I.

Plaintiff is a resident of Jefferson County, Texas.

II.

Venue is proper in this Court because a substantial part of the events given rise to this claim occurred in Orange County, Texas.

Defendant, E.I. Du Pont de Nemours and Company is a foreign corporation organized and existing under the laws of Delaware and whose principal offices are located at 1007 Market Street, Wilmington, Delaware 19898. This Defendant has answered and appeared herein.

Defendant, Invista S.A.R.L. d/b/a Invista is a foreign limited liability company organized and existing under the laws of Kansas and whose principal offices are located at 4123 E. 37th Street North, Wichita Falls, Kansas, 67220. This Defendant may be served by serving its agent for service of process, CT Corporation System at

350 N. St. Paul Street, Dallas, Texas 75201. Plaintiff requests that the citation be prepared and returned to Plaintiff's counsel for service of process as authorized by TRCP 103, 105, 106 and 107.

## III.

Plaintiff intends to conduct discovery under level 2 of the Texas Rules of Civil Procedure.

## IV.

On April 24, 2005, Plaintiff was employed by H.B. Zachary and working on the premises of Defendants located in Orange County, Texas. Plaintiff was injured by exposure to and escaping from toxic chemicals under the control of the Defendants.

## V.

Plaintiff would show that on the day in question the Defendants through its agents, servants and/or employees, were negligent and that such negligence was a proximate cause of the incident and the resulting damages to the Plaintiff.

## VI.

On the day in question Plaintiff was an invitee on premises which are owned and/or occupied and/or controlled by the Defendants. Plaintiff would show that a condition existed on the premises which posed an unreasonable risk of harm; the Defendants knew or reasonably should have known of the dangers; that the Defendants breached his duty of ordinary care by both: (a) failing to adequately warn the Plaintiff of the condition, and (b) failing to make the condition reasonably safe. Plaintiff would show that such breach of duty and negligence was a proximate cause of the incident and resulting damages to the Plaintiff.

PLAINTIFF'S FIRST AMENDED PETITION/RONDELL FRANCIS

## VII.

As a result of the above and foregoing, Plaintiff seeks damages from the Defendants as follows: reasonable and necessary medical expenses in the past and reasonable and necessary medical expenses which will and in probability which are likely to be incurred in the future; loss of earning capacity in the past and in the future; mental anguish in the past and in the future; physical pain in the past and in the future; physical impairment in the past and in the future; loss of household services in the past and in the future; and pre-judgment interest and post-judgment interest as allowed by law.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer and that Plaintiff have judgment against the Defendants for the foregoing elements of damages.

Respectfully submitted,

_____
Samuel R. Palermo
Texas Bar Number: 15423600
2650 Fountain View, Suite 322
Houston, Texas 77057
Telephone: (713) 463-9400
Facsimile: (713) 463-9406

ATTORNEY FOR PLAINTIFF

CAUSE NO. B-050536-C

| | | |
|---|---|---|
| RONDELL FRANCIS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | ORANGE COUNTY, TEXAS |
| | § | |
| E. I. DUPONT, ET AL | § | 163RD JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE POWELL:

COMES NOW E.I. Dupont De Nemours & Company, hereinafter referred to as Defendant, and files this its Original Answer in Response to the Plaintiff's Original Petition and would show the Court the following:

I.

Defendant denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof.

II.

Defendant would show that Plaintiff's damages, if any, were proximately caused, either partially or solely, by the acts or omissions of the Plaintiff, said acts or omissions constituting negligence.

III.

Defendant would show that Plaintiff's damages, if any, were proximately caused, either partially or solely, by the acts or omissions of third-persons or entities not within the control of this Defendant, said acts or omissions constituting negligence.

BEAULITIGATION:724878.1

WHEREFORE, PREMISES CONSIDERED, Defendant, prays that Plaintiff take nothing, for cost and other such relief to which Defendant may show itself justly entitled.

Respectfully submitted,

MEHAFFY & WEBER
Attorney for E.I. du Pont de Nemours and Company

By: _M. C. Carrington_

M. C. Carrington, Of Counsel
State Bar No. 03880800
MEHAFFY & WEBER
Post Office Box 16
Beaumont, Texas 77704
Telephone: 409/835-5011
Telecopier: 409/835-5177

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument has been forwarded by certified mail, return receipt requested and/or regular mail to all counsel of record on this the ___9___ day of January, 2006.

_M. C. Carrington_

M. C. CARRINGTON

BEAULITIGATION:724878.1

CAUSE NO. B-050536-C

| | | |
|---|---|---|
| RONDELL FRANCIS, | ) | IN THE DISTRICT COURT OF |
| | ) | |
| **Plaintiff,** | ) | ORANGE COUNTY, TEXAS |
| **v.** | ) | |
| | ) | 163RD JUDICIAL DISTRICT |
| E.I. DU PONT DE NEMOURS | ) | |
| AND COMPANY and INVISTA | ) | |
| S.A.R.L. d/b/a INVISTA, | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANT INVISTA S.à r.l.'S SPECIAL EXCEPTIONS, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant INVISTA S.à r. l., incorrectly named as INVISTA S.A.R.L. d/b/a INVISTA

("INVISTA"), by counsel, hereby files its Special Exceptions, Original Answer and Affirmative

Defenses to Plaintiff's First Amended Petition ("Petition"), and would respectfully show the

Court the following:

### Special Exceptions

1.     The allegations contained in the Petition are global and vague, and they fail to

apprise INVISTA of the acts or omissions alleged against it.  The Petition is so devoid of factual

information that it is insufficient to put INVISTA on fair notice of the claims against it, in

violation of Texas Rules of Civil Procedure 45 and 47, and the United States Constitution.

2.     INVISTA specially excepts to Section IV of the Petition because it lacks

information sufficient to put INVISTA on fair notice of the claims, if any, asserted against it.

TEX. R. CIV. P. 45 and 47.   Plaintiff fails to identify *which* "toxic chemicals" were allegedly

under the control of INVISTA, *when* Plaintiff was allegedly exposed to such "toxic chemicals," or *how* the alleged exposure to such "toxic chemicals" occurred. Section IV of the Petition is so devoid of factual allegations against INVISTA that it not only violates Rules 45 and 47 of the Texas Rules of Civil Procedure, but also the United States Constitution.

3.     INVISTA specially excepts to Section V of the Petition because it fails to identify and provide fair notice of any acts or omissions of INVISTA that Plaintiff alleges constitute negligence. TEX. R. CIV. P. 45 and 47. Section V of the Petition is so devoid of factual allegations against INVISTA that it not only violates Rules 45 and 47 of the Texas Rules of Civil Procedure, but also the United States Constitution.

4.     INVISTA specially excepts to Section VI of the Petition because it fails to identify and provide fair notice of any acts of negligence attributable to INVISTA. TEX. R. CIV. P. 45 and 47. Section VI of the Petition is so devoid of factual allegations against INVISTA that it not only violates Rules 45 and 47 of the Texas Rules of Civil Procedure, but also the United States Constitution.

5.     INVISTA specially excepts to Section VII of the Petition because Plaintiff has failed to specify the amount of damages which he seeks against INVISTA as required by Rule 47(c) of the TEXAS RULES OF CIVIL PROCEDURE.

6.     INVISTA requests that the Court order Plaintiff to re-plead and include allegations sufficient to enable INVISTA to prepare its defense. In the alternative, the Court should strike the allegations against INVISTA and dismiss INVISTA from this action.

### General Denial

7.     Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, INVISTA generally denies each and every allegation contained in the Petition and demands strict proof

2

thereof by a preponderance of the evidence.

## Specific Denials

8.      INVISTA specifically denies that any act, conduct or omission on its part amounted to negligence.

9.      INVISTA specifically denies the facts contained in Section II with respect to INVISTA's organization, status and location of its principal place of business.

10.     INVISTA specifically denies that Plaintiff is entitled to any of the damages sought.

## Affirmative Defenses

11.     The Petition fails to state a claim upon which relief can be granted.

12.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate any alleged damages.

13.     Plaintiff's damages, if any, were the direct and proximate result of the actions of third parties over whom INVISTA had no control.

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were proximately caused by Plaintiff's own contributory negligence and/or assumption of the risk. Further, the degree of Plaintiff's negligence exceeds the degree of INVISTA's negligence, if any.

15.     The alleged and denied negligence of INVISTA was secondary and passive, where as the negligence of other persons of entities, was active, positive and the sole producing cause of any injury or damages Plaintiff sustained. The doctrines of insulated and intervening negligence are hereby pleaded in bar to any rights of Plaintiff to recover from INVISTA.

3

16.     The exposure, if any, Plaintiff had to a "toxic chemical" was minimal, de minimis and insufficient to establish to a reasonable degree of medical probability that such exposure caused any alleged injury.

17.     The injuries and damages that Plaintiff allegedly suffered were the result of a preexisting injury, disease, impairment, or condition that existed prior to any act, event or omission alleged by Plaintiff, or were the result of a subsequent injury, disease, impairment, or condition that occurred after any act, event or omission of INVISTA alleged by Plaintiff.

18.     INVISTA reserves the right to assert any additional affirmative defenses to which it may be entitled under the United States and Texas Constitutions, any federal or state law, and/or common law.

19.     INVISTA pleads that workers' compensation is the sole remedy for the injuries, if any, of Plaintiff and bars any recovery in tort, because Plaintiff was a "borrowed servant" of INVISTA.

20.     INVISTA pleads that it owed no duty to Plaintiff pursuant to Chapter 95 of the Texas Civil Practice and Remedies Code (CPRC § 95.001-95.003).

21.     INVISTA reserves the right to amend its pleadings upon completion of discovery.

### Demand for Jury Trial

22.     INVISTA demands a trial by jury.

WHEREFORE, INVISTA respectfully prays that, after all due proceedings are had, there be judgment in its favor and against Plaintiff, and Plaintiff's claims are dismissed at Plaintiff's cost and with prejudice to the re-filing of same. INVISTA also prays for all such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

4

INVISTA S.à r. l.

_John D. Epps /aBL_

John D. Epps (Texas Bar No. 00796079)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200
(804) 788-8218 (facsimile)

David T. Owens (Texas Bar No. 24004849)
**HUNTON & WILLIAMS LLP**
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201-3402
Phone (214) 979-3000
Fax (214) 880-0011

## CERTIFICATE OF SERVICE

I hereby certify that on July 20th, 2006, a true and correct copy of the above and foregoing

instrument has been served overnight delivery on the following Plaintiff's counsel:

>       Samuel R. Palermo
>       Attorney at Law
>       2650 Fountain View Suite 322
>       Houston, TX 77057

All other known counsel of record are being served with a copy of this pleading by facsimile.

*John D. Epps /abc*

## C.    LIST OF ATTORNEYS

1.      Samuel R. Palermo (State Bar No. 15423600)
        2650 Fountain View Suite 322
        Houston, TX 77057
        (713) 463-9400 (telephone)
        (713) 463-9406 (facsimile)
        ATTORNEY FOR PLAINTIFF

2.      Foster Reese III (State Bar No. 16715300)
        (Lead Attorney)
        David T. Owens (State Bar No. 24004849)
        Hunton & Williams LLP
        Energy Plaza, 30th Floor
        1601 Bryan Street
        Dallas, Texas 75201-3402
        (214) 979-3402 (telephone)
        (214) 880-0011 (facsimile)

        John D. Epps (State Bar No. 00796079)
        (Of Counsel)
        Hunton & Williams LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219-4074
        (804) 788-8200 (telephone)
        (804) 788-8218 (facsimile)

        ATTORNEYS FOR DEFENDANT
        INVISTA S.à r. I.

3.      M.C. Carrington (State Bar No. 03880800)
        Mehaffy & Weber
        P.O. Box. 16
        Beaumont, Texas 77704
        (409) 835-5011 (telephone)
        (409) 835-5177 (facsimile)

        ATTORNEY FOR DEFENDANT
        E.I. DU PONT DE NEMOURS AND COMPANY

## D.   RECORD OF PARTIES WHO HAVE REQUESTED JURY TRIAL

Defendant INVISTA S.à r. l. requested a jury trial in its Special Exceptions, Original

Answer and Affirmative Defenses to Plaintiff's First Amended Petition.

## E.   COURT FROM WHICH CASE IS REMOVED

163rd Judicial District Court of Orange, Texas
801 W. Division Ave.
Orange, TX 77630-6353
(409)882-7090

CAUSE NO. B-050536-C

| | | |
|---|---|---|
| RONDELL FRANCIS, | ) | IN THE DISTRICT COURT OF |
| | ) | |
| Plaintiff, | ) | ORANGE COUNTY, TEXAS |
| v. | ) | |
| | ) | 163RD JUDICIAL DISTRICT |
| E.I. DU PONT DE NEMOURS | ) | |
| AND COMPANY and INVISTA | ) | |
| S.A.R.L. d/b/a INVISTA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT INVISTA S.à r.l.'S
## NOTICE OF FILING NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that on July 27th, 2006, Defendant INVISTA S.à r. l.,

incorrectly named as INVISTA S.A.R.L. d/b/a INVISTA ("INVISTA"), by counsel, filed in the

United States District Court for the Eastern District of Texas a Notice of Removal. A true and

correct copy of the Notice of Removal is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446, the filing of

such Notice of Removal in the United States District Court, together with the filing of a copy of

the Notice of Removal with this Court, effects the removal of this action and this Court may

proceed no further unless and until this case is remanded.



EXHIBIT
C

Respectfully submitted this 27th day of July, 2006.

INVISTA S.à r. l.

Foster Reese III (State Bar No. 16715300)
(Lead Attorney)
David T. Owens (State Bar No. 24004849)
**HUNTON & WILLIAMS LLP**
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201-3402
(214) 979-3402 (Telephone)
(214) 880-0011 (Facsimile)

John D. Epps (Texas Bar No. 00796079)
(Of Counsel)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200
(804) 788-8218 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, a true and correct copy of the above and foregoing

instrument has been served via UPS Overnight Delivery on the following Plaintiff's counsel:

> Samuel R. Palermo
> Attorney at Law
> 2650 Fountain View Suite 322
> Houston, TX 77057

All other known counsel of record are being served with a copy of this pleading by UPS

Overnight Delivery.

*Foster Reese III*